IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY BRADLEY | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 2:12cv206-HSO-RHW |
| | § | |
| CITY OF HATTIESBURG POLICE | § | DEFENDANTS |
| DEPARTMENT, MAYOR JOHNNY L. | § | |
| DUPREE, KIM BRADLEY, | § | |
| DEBORAH L. DENARD DELGADO, | § | |
| CARTER CARROLL, DAVE WARE, | § | |
| HENRY E. NAYLOR, CITY OF | § | |
| HATTIESBURG, and LIEUTENANT | § | |
| DALE BOUNDS | § | |

**ORDER GRANTING THE CITY OF HATTIESBURG POLICE
DEPARTMENT'S MOTION TO DISMISS, DENYING LIEUTENANT DALE
BOUNDS' MOTION TO DISMISS, AND DENYING THE CITY OF
HATTIESBURG'S MOTION TO DISMISS**

BEFORE THE COURT are three Motions to Dismiss Plaintiff Stanley

Bradley's Second Amended Complaint [7]. The City of Hattiesburg Police

Department filed a Motion to Dismiss [12] on the basis that it is not a separate legal

entity capable of being sued. Lieutenant Dale Bounds seeks dismissal [15] arguing

Plaintiff's attempt to have him served with process was insufficient. The City of

Hattiesburg asserts it should be dismissed [17] because service of process upon it

was untimely. Having considered the Motions, the record, and relevant legal

authorities, the Court is of the opinion that the City of Hattiesburg Police

Department's Motion should be granted, Lieutenant Dale Bounds' Motion should be

denied with leave to reassert, and the City of Hattiesburg's Motion should be

denied.

1

## I. BACKGROUND

A.     Factual Background

Plaintiff Stanley Bradley ("Plaintiff") claims that on January 7, 2012, he was riding his bicycle home when he was stopped by Lieutenant Dale Bounds ("Lieutenant Bounds") of the City of Hattiesburg Police Department ("the Police Department"). Am. Compl. 1 [7]. Plaintiff maintains he was not acting suspiciously before Lieutenant Bounds stopped him. *Id*. at 2. Plaintiff alleges that the sole basis Lieutenant Bounds articulated for stopping him was that there had been a rash of burglaries in the area. *Id*. at 1. Plaintiff denied any involvement, and Lieutenant Bounds allegedly became angry and demanded Plaintiff's identification. *Id*. After he complied, Plaintiff claims Lieutenant Bounds next asked for permission to search him. *Id*. Plaintiff allowed the search. *Id*.

Plaintiff claims that after he was searched, Lieutenant Bounds handcuffed him and placed him inside of a patrol car. *Id*. Plaintiff admits he became "belligerent and very agitated" once Lieutenant Bounds took him into custody and contends that Lieutenant Bounds responded by spraying him with mace. *Id*. Plaintiff was subsequently charged with public intoxication and disorderly conduct. *Id*. Plaintiff alleges the trial of these charges took place on July 25, 2012, but as of April 11, 2013, no decision had been rendered.[1] *Id*. at 2.

---

[1] Later in the Second Amended Complaint, Plaintiff contradicts this allegation by stating "[o]n July 25, 2012, the charges of public drunk and disorderly conduct were dismissed cause [*sic*] [Lieutenant] Bounds failed to show reason[] or probable cause[] to apprehend [Plaintiff]. . . ." *Id*. at 2.

B.    <u>Procedural History</u>

On November 14, 2012, Plaintiff filed his initial Complaint [1] asserting claims for emotional distress and violation of his Fourth Amendment rights. Compl. 2 [1].  Plaintiff named the Hattiesburg Police Department as the lone Defendant. *Id.*  Pursuant to an Order [3] dated December 27, 2012, granting Plaintiff's application to proceed as a pauper, the Magistrate Judge stated that no process would issue as of that date because "the information before the Court for purposes of service of process is incomplete and preliminary case screening must be completed."  Order 1 [3].  The Magistrate Judge further observed that the Complaint named the Police Department as the lone Defendant but pointed out that the proper Defendant was actually the City of Hattiesburg ("the City").  *Id.*  The Magistrate Judge allowed Plaintiff until January 14, 2013, to file an amended complaint formally naming the City as a Defendant and instructed Plaintiff to specify any other Defendants he intended to sue.  *Id.* at 2.  The Magistrate Judge concluded by reiterating that no process was to issue as of the date of the Order and that the matter would be held in abeyance pending further screening.  *Id.*

On January 10, 2013, Plaintiff filed his First Amended Complaint [4] and appeared to name the City along with its mayor and council members as Defendants.  Am. Compl. 1 [4].  The allegations against the City were substantially similar to those contained in the original Complaint, and Plaintiff did not make any factual allegations against the mayor and council members.  *Id.* at 1-2.

In an Order dated April 4, 2013, the Magistrate Judge concluded that "the pleadings remained un-clarified [and] further amendment is necessary." Order 1 [6]. The Magistrate Judge pointed out that the Amended Complaint alleged a police officer illegally arrested Plaintiff but did not include the police officer as a named Defendant. *Id*. The Magistrate Judge further informed Plaintiff the Amended Complaint failed to state a claim against the mayor and council members. The Magistrate Judge granted Plaintiff until April 22, 2013, to amend his Complaint a second time to address these issues. *Id*. at 1-2.

Plaintiff filed a Second Amended Complaint [7] on April 11, 2013, naming as Defendants the City, the Police Department, and Lieutenant Bounds. Am. Compl. 1 [7]. The Second Amended Complaint asserted claims for a violation of Plaintiff's Fourth Amendment rights, assault, emotional distress, and defamation. *Id*. at 2-3. By Order dated June 17, 2013, the Magistrate Judge determined that Plaintiff's Second Amended Complaint complied with the Court's Order.[2] Order 1 [8]. The Magistrate Judge directed that summons should issue and be served upon each Defendant along with copies of each of the Court's Orders[3] and the Second Amended Complaint. *Id*. The United States Marshals Service was to serve Defendants in accordance with 28 U.S.C. § 1915(d). *Id*. at 2.

Summons were issued on June 17, 2013 [9], and service on the City took place on June 27, 2013 [11]. The return of service related to Lieutenant Bounds

---

[2] The Magistrate Judge cautioned that his Order did not constitute a decision and was not intended to otherwise intimate that Plaintiff's claims were meritorious. Order 2 [8].
[3] Docket numbers [3], [6], and [8].

indicated that an Andrea Martin was served on June 27, 2013 [10].  Process did not issue and service was not made upon the Police Department.

The Police Department, Lieutenant Bounds, and the City each filed separate Motions to Dismiss on July 12, 2013 [12] [15] [17].  The Police Department reasons that it should be dismissed because under Mississippi law it is not a separate legal entity from the City and is without legal capacity to be sued.  Mem. in Supp. of Hattiesburg Police Department's Mot. to Dismiss 3-4 [13].  Plaintiff has not responded to the Police Department's Motion.

Lieutenant Bounds argues that the Second Amended Complaint should be dismissed for insufficient service of process because Andrea Martin, the individual who signed for Lieutenant Bounds' process, is not an individual whom he expressly or implicitly authorized to accept process for him.  Mem. in Supp. of Dale Bounds' Mot. to Dismiss 3 [16].  Plaintiff has yet to respond to Lieutenant Bounds' Motion to Dismiss.

The City takes the position that service of process upon it was insufficient pursuant to Federal Rule of Civil Procedure 12(b)(5).  City of Hattiesburg Mot. to Dismiss 1-2 [17].  The City reasons that it was added through the First Amended Complaint filed on January 10, 2013, and therefore, the 120 day time period for effecting service of process began to run on that date and expired on May 10, 2013.  Mem. in Supp of City of Hattiesburg's Mot. to Dismiss 3 [18]. Because service of process was not effected until June 27, 2013, the City contends the Second Amended

Complaint should be dismissed for insufficient service of process. *Id*. To date, Plaintiff has not filed a response to the City's Motion.

## II.   DISCUSSION

### A.   The Police Department's Motions to Dismiss [12]

The Court is of the opinion that the Police Department's Motion to Dismiss should be granted. The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting Fed. R. Civ. P. 17(b)). Under Mississippi law, a municipality's police department is not a legal entity separate and apart from the municipality. *See* Miss. Code § 27-17-1(1); *Upchurch v. City of Moss Point*, 1:10-cv-228-LG-RHW, 2011 WL 5082224, *3 (S.D. Miss. Oct. 26, 2011) ("The Moss Point Police Department is not a proper defendant because, as a matter of state law, it is not a separate legal entity for purposes of litigation."); *Stewart v. Perry*, 1:07-cv-1270-WJG-JMR, 2008 WL 4145216, *1 (S.D. Miss. Sept. 4, 2008) ("Under Mississippi law, a city's police department is not considered to be an entity separate from the city."). Based on the record before the Court, there is nothing to indicate that the Police Department exists separately from the City or that it is a separate legal entity amenable to suit. The Police Department's Motion to Dismiss should be granted.

6

B.    Lieutenant Bounds' and the City's Motions to Dismiss [15] [17]

1.    Standard for Motion to Dismiss Pursuant to Rule 12(b)(5)

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."  5B Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure § 1353 (3d ed. 2005) (footnote and citations omitted).  The party effecting service has the burden of establishing validity of that service.  *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 436 (5th Cir. 1981).  When faced with a motion to dismiss predicated on Rule 12(b)(5), the Court may quash the existing process rather than dismiss the action.  5B Miller and Kane, *supra*, at § 1354. "Where a court finds 'service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Albo v. Suzuki Motor Corp.*, Civ. No. 308-0139-KC, 2008 WL 2783508, *1 (W.D. Tex. July 2, 2008) (quoting *Rhodes v. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 750 (W.D. La. 2000)).

2.    Lieutenant Bounds' Motion to Dismiss [15]

"The Court has the power to construe a motion to dismiss pursuant to Rule 12(b)(5) as a motion to quash service." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 352 (E.D. La. 2011).  "[S]ervice generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."  5B Miller and Kane, *supra*, at § 1354 (citations omitted).  Good cause for a failure to properly effect service of process exists where an *in forma pauperis* plaintiff fails to properly

serve a defendant but this failure is due to the actions of government personnel upon whom the *in forma pauperis* plaintiff is entitled to rely.  *Lindsey v. U.S.R.R. Retirement Bd.*, 101 F.3d 444, 447 (5th Cir. 1996) (citations omitted).

The record before the Court indicates that Lieutenant Bounds is capable of being served personally.  The Summons [9] issued by the Clerk of Court correctly indicated that Lieutenant Bounds was to be served with process. The United States Marshal, however, served Andrea Martin [10].  Mindful of the procedural history of this case, the Court will afford Plaintiff, who is proceeding *pro se* and as a pauper, an additional period of time to effect service on Lieutenant Bounds.  *See Lindsey*, 101 F.3d at 446 ("What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive.").  Pursuant to 28 U.S.C. §1915(d), Plaintiff shall effect service upon Lieutenant Bounds through the United States Marshals Service on or before April 7, 2014.  Lieutenant Bounds' Motion thus will be denied without prejudice to his right to reassert a defense pursuant to Rule 12(b)(5) should Plaintiff fail to properly effect service on Lieutenant Bounds on or before April 7, 2014.

3.     The City's Motion to Dismiss [17]

The Fifth Circuit Court of Appeals recognizes that even where "the plaintiff lacks good cause [for failing to serve a defendant within the 120-day period], the court has discretionary power to extend the time for service."  *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citation omitted).  The commentary to

Rule 4(m) provides that the "120-day period is not absolute[,]" and the fact that it was missed can be excused by a court order.  Fed. R. Civ. P. 4, cmt. C4-38.

The Magistrate Judge's Order dated December 27, 2012, clearly required the Clerk of Court to withhold issuing service of process due to the fact Plaintiff's Complaint required amendment to indicate who was being sued.  The Magistrate Judge did not authorize the Clerk of Court to issue process until June 17, 2013, once the Second Amended Complaint was filed and it became apparent whom Plaintiff was suing.  Contrary to the City's argument, the City was properly served within ten (10) days of that date, on June 27, 2013.

The Court's previous Orders unambiguously explain the reasons for the delay in service upon the City.  The Court is thus of the opinion that the circumstances surrounding the delay in service upon the City do not warrant dismissal of the Second Amended Complaint pursuant to Rule 4(m), and the City's argument for dismissal is not well taken.  *See Lindsey*, 101 F.3d at 447 (citing with approval the Eight Circuit's decision to reverse "dismissal of an *in forma pauperis* plaintiff's complaint when the Magistrate Judge [did not issue summons] within the 120-day time period prescribed by Rule 4(m)" (citing *Lujano v. Omaha Pub. Power Dist.*, 30 F.3d 1032, 1035 (8th Cir. 1994)).  The City's Motion to Dismiss should be denied.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant City of Hattiesburg Police Department's Motion to Dismiss [12] is **GRANTED**, and

9

Plaintiff's claims against the City of Hattiesburg Police Department are
**DISMISSED WITH PREJUDICE**.

      **IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant
Lieutenant Dale Bounds' Motion to Dismiss [15] is **DENIED WITHOUT
PREJUDICE** to be reasserted should Plaintiff fail to properly effect service of
process upon Lieutenant Bounds on or before April 7, 2014.  Plaintiff is cautioned
that if he does not ensure proper and effective service of process upon Lieutenant
Bounds on or before April 7, 2014, Plaintiff's claims against Lieutenant Bounds may
be dismissed.

      **IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk of Court
is directed to re-issue summons for Defendant Lieutenant Dale Bounds and,
pursuant to 28 U.S.C. § 1915(d), the United States Marshals Service is directed to
serve process upon Defendant Lieutenant Dale Bounds on or before April 7, 2014.

      **IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant City of
Hattiesburg's Motion to Dismiss [17] is **DENIED**.

      **IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk of Court
is directed to mail a copy of this Order to Plaintiff at his last known address, via the
United States Postal Service, certified mail, return receipt requested.

      **SO ORDERED AND ADJUDGED**, this the 17th day of March, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE