IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STANLEY BRADLEY**                                                                                          **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.  2:12cv206-HSO-RHW**

**CITY OF HATTIESBURG,** *et al.*                                                                  **DEFENDANTS**

### REPORT AND RECOMMENDATION

This case is before the Court following *sua sponte* review.  On October 8, 2014, the undersigned entered a Notice of Hearing setting a telephone conference for October 23, 2014 at 1:30 p.m., to establish a scheduling order for the case.  Because the Plaintiff is proceeding *pro se*, the Notice required Defendants' counsel to place the telephone call to Chambers with *pro se* Plaintiff Stanley Bradley on the line.  The Court mailed Plaintiff Stanley Bradley a copy of the notice the same day it was filed, October 8, 2014, at his address of record.  That mail was not returned to the Court and was presumptively received by Mr. Bradley, but he has made no contact with the Court.

At the appointed time and date for the hearing, Defendants' attorney placed the call to the Court, but advised that his efforts to reach Mr. Bradley at the telephone number listed on the docket and in the complaint had been unsuccessful; that the telephone number Mr. Bradley provided is no longer a working number.  Mr. Bradley was expressly warned over a year ago that it is his responsibility to prosecute this case and that his failure to keep the Court apprised of his address or failure to comply with any order of the Court "will be deemed as a purposeful delay and contumacious act ... and may result in the dismissal of this case."  [8, ¶4]  The Court further notes that Mr. Bradley previously failed to comply with Order [21] entered July 16, 2013,

requiring him to respond by July 29, 2013 to motions to dismiss filed by Defendants in the case. The Court granted one of the motions March 17, 2014 and dismissed one of the defendants Bradley had originally sued. [23]

On October 23, 2014, the undersigned entered [28] a Show Cause Order requiring Bradley to show cause in writing why this case should not be dismissed for his failure to keep the Court apprised of his current contact information, and his failure to comply with the Court's order to participate in the duly noticed telephone conference on that date.  Response to the Show Cause Order was due November 7, 2014.  The Show Cause Order was mailed to Bradley at his address of record via certified mail, return receipt requested, but was returned to the Court on October 31, 2014 marked, "return to sender, not deliverable as addressed, unable to forward." [29]  The docket reflects that Bradley has filed no change of address since March 11, 2013.  [5] He has filed nothing at all in this case since April 11, 2013 when he filed [7] his amended complaint.

## RECOMMENDATION

Based on the foregoing, it is the opinion of the undersigned that Plaintiff's failure to comply with the orders of this Court and to keep the Court apprised of his address and contact information demonstrate his lack of interest in pursuing this action.  Accordingly, the United States Magistrate Judge recommends that this case be dismissed for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation.  A party must file objections with the

clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Signed, this the 10th day of November, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE