IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY BRADLEY | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 2:12cv206-HSO-RHW |
| | § | |
| CITY OF HATTIESBURG POLICE DEPARTMENT, MAYOR JOHNNY L. DUPREE, KIM BRADLEY, DEBORAH L. DENARD DELGADO, CARTER CARROLL, DAVE WARE, HENRY E. NAYLOR, CITY OF HATTIESBURG, and LIEUTENANT DALE BOUNDS | § | DEFENDANTS |

**ORDER DENYING PLAINTIFF'S [40] MOTION TO SET ASIDE AND RECONSIDER JUDGMENT TO DISMISS**

BEFORE THE COURT is Plaintiff Stanley Bradley's Motion to Set Aside and Reconsider Judgment to Dismiss [40]. Defendants the City of Hattiesburg and Lieutenant Dale Bounds have filed a Response to the Motion, but Plaintiff has not filed a Rebuttal. Having considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that Plaintiff's Motion [40] should be denied.

On December 1, 2014, the Court adopted United States Magistrate Judge Robert H. Walker's Report and Recommendation [30]. Order Adopting Report and Recommendation 1-3 [31]. The Magistrate Judge recommended dismissal of Plaintiff's claims for Plaintiff's failure to prosecute those claims after Plaintiff did not keep the Court apprised of his contact information despite being ordered to do

1

so.[1] Report and Recommendation 2 [30]. On December 17, 2014, Plaintiff filed a Motion to Reconsider Judgment [36] asking the Court to reconsider its Final Judgment [32] dismissing this case on the sole basis that he was incarcerated from May 26, 2014, until December 12, 2014, and thus his "failure to contact the [C]ourt was not due to negligence . . . ." Mot. to Reconsider J. 1 [36]. The Court denied this Motion on February 23, 2015. Order Denying Mot. to Reconsider J. 2 [39].

On March 4, 2015, Plaintiff filed a Motion to Set Aside and Reconsider Judgment to Dismiss [40]. Plaintiff does not present any new evidence or argument addressing his failure to keep the Court apprised of his address. Mot. to Set Aside and Reconsider J to Dismiss 1-2 [40]. Plaintiff similarly does not allege or otherwise contest that he was prevented from updating the Court regarding his status and contact information. *Id*. Rather, Plaintiff abdicates all responsibility for failing to keep the Court apprised of his contact information and claims he was never "properly served [with notice of] or informed" about any proceedings, argues that he was "incarcerated [] with prejudice," and contests the basis of that incarceration. *Id*. at 1. Defendants respond that the Motion [40] "adds no new facts, law, or arguments" and "fails to satisfy the requirements of Federal Rule of Civil Procedure 59(e)." Resp. in Opp'n 1-2 [41].

Plaintiff has not established that reconsideration of the Court's Final Judgment [32] is warranted.[2] To the extent Plaintiff's Motion [40] can be construed

---

[1] See the Magistrate Judge's November 10, 2014, Report and Recommendation 1-2 [30] for a complete description of the procedural history preceding the decision to dismiss Plaintiff's claims.

[2] Insofar as Plaintiff relies upon Rule 59(e), Plaintiff's Motion [40] is denied for the same reasons set forth in the Order [39] denying Plaintiff's previous Motion to Reconsider Judgment [36].

as an attempt to seek relief from judgment under Rule 60(b), Plaintiff has not set forth allegations or argument satisfying any relevant avenue of relief under Rule 60(b). Plaintiff has not produced any newly discovered evidence which might bring the Motion within the purview of Rule 60(b)(2). Rule 60(b)(3) provides no relief because Plaintiff has not shown by clear and convincing evidence that Defendant engaged in misconduct during this case. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995) ("A party making a Rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.") (internal marks and citation omitted). In addition, Plaintiff's Motion does not present circumstances so extraordinary as to entitle him to relief under Rule 60(b)(6). *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993) ("Relief under [60(b)(6)] is granted 'only if extraordinary circumstances are present.'") (quoting *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990)). Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion to Set Aside and Reconsider Judgment to Dismiss [40] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of April, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

3